UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK JONES,

    Plaintiff,

v.

PATRICIA CARUSO, ET AL.,

    Defendants.

    /

No. 10-11604

District Judge George Caram Steeh

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Mark Jones' Request for Injunctive Relief [Doc. #44], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

**I.    FACTS**

Plaintiff Mark Jones, a prison inmate in the custody of the Michigan Department of Corrections, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 on April 21, 2010 [Doc. #1]. He filed an "amended complaint" on the same date [Doc. #2], in which he sought to clarify parts of the first complaint.

On June 14, 2010, the Honorable George Caram Steeh entered an order dismissing certain claims and certain Defendants [Doc. #8]. As discussed in my recent Report and Recommendation to deny Defendants Linda Buckhoz's, Thomas Parling's and Jason Thomas' Motion for Summary Judgment [Doc. #54], the only remaining claim alleges First Amendment retaliation against these three Defendants.

In the present motion, Plaintiff argues that because the Defendants retaliated against him by fabricating a security classification screen that increased his custody level, he was denied a parole. He requests that "the court issue an order directing the defendants to reclassify the plaintiff to his true custody level."

## II.   STANDARD OF REVIEW

In determining whether to grant a preliminary injunction, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government,* 305 F.3d 566, 573 (6th Cir.2002); *McPherson v. Michigan High School Athletic Ass'n,* 119 F.3d 453, 459 (6th Cir.1997) ( *en banc* ). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet,* 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir.2000); *Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir.1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. A preliminary injunction is an extraordinary remedy, "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.; Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir.2000)

## III.   DISCUSSION

The Plaintiff has survived Defendants' summary judgment motions as to the retaliation claim, and thus has *some* chance of success on the merits. More accurately, he has the opportunity to present that claim to the trier of fact.  However, the level of proof required for the Plaintiff to obtain a preliminary injunction "is much more stringent than the proof required to survive a summary judgment motion." *Leary*, 228 F.3d at 739. While the Defendants have thus far been

deficient in showing that there are no genuine issues of material fact, so too has the Plaintiff failed to provide any additional proof, beyond his own factual allegations, to support his claim. He has therefore not met the more demanding standard required of an injunctive order.

In addition, Plaintiff's claim of irreparable harm centers on the Parole Board's denial of parole, allegedly based on his inflated security classification. However, Plaintiff simply has no constitutionally protected liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal & Corrections,* 442 U.S. 1, 7 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The Sixth Circuit has held that "procedural statutes and regulations governing parole do not create federal procedural due process rights," and that "[t]he Michigan procedural limitations do not detract from the broad powers of the Michigan authorities to deny parole." *Sweeton v. Brown*, 27 F.3d 1162, 1164 -1165 (6th Cir. 1994). The *Sweeton* court also found that as "long as the parole discretion is broad, as in Michigan, 'the State has not created a constitutionally protected liberty interest' by enacting procedural rules." *Id.* "In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board." *Juarez v. Renicom* 149 F.Supp.2d 319, 322 (E.D.Mich. 2001) (internal citations omitted). "The Michigan parole statute does not create a right to be paroled." *Id.*; *Hurst v. Dep't of Corr. Parole Bd.,* 119 Mich.App. 25, 28-29, 325 N.W.2d 615, 616 (1982). Thus, Plaintiff cannot claim irreparable harm as a result of being denied something he has no right to in the first place.

Moreover, an inmate has no inherent constitutional right to be placed in a specific security classification.[1] *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (holding that a classification and security determination did not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (finding "no due process protections ...

---

[1] I recognize that the Plaintiff's underlying claim is premised on a theory of retaliation, and he does not bring an independent claim that he has a due process or other constitutional right to a particular security classification. If he prevails on the retaliation claim, the Defendants may be liable for monetary damages. However, the present motion deals only with a request for injunctive relief requiring this Court to change Plaintiff's security classification. A denial of this motion, on the basis that Plaintiff does not have a constitutional right to a particular classification, does not necessarily imply that his underlying retaliation claim lacks merit.

required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate"); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997).

Finally, "courts, especially federal courts, should be reluctant to become involved in the internal administration of state prisons." *Hanna v. Toner,* 630 F.2d 442, 444 (6th Cir.1980). Departments of Corrections are accorded considerable latitude in the administration of state prisons. In *Jones v. North Carolina Prisoners' Labor Union,* 433 U.S. 119, 227, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977), the Supreme Court discussed the balancing of constitutional rights afforded prisoners against the deference that prison officials must be given in the efficient management of prisons: "Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators."

To grant the requested injunctive relief in this case "would run counter to the view expressed in several Supreme Court cases that 'federal courts ought to afford appropriate deference and flexibility to state [prison] officials trying to manage a volatile environment.'" *Mackey v. Dyke, supra* at 463 (quoting *Sandin*, 115 S.Ct. at 2299).

## IV. CONCLUSION

For these reasons, I recommend that Plaintiff's Request for Injunctive Relief [Doc. #44] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Date: August 15, 2011

_____

### CERTIFICATE OF SERVICE

I hereby certify on August 15, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 15, 2011: **Mark Jones.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge R. Steven Whalen  
(313) 234-5217